UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARK S. MAYER,

Plaintiff,

v. Case No: 6:20-cv-2283-GAP-EJK

HOLIDAY INN CLUB VACATIONS INCORPORATED

Defendant.

---

ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment (Doc. 35). In ruling on this Motion, the Court also considered Plaintiff's Response in Opposition (Doc. 51) and Defendant's Reply (Doc. 56).

**I. Background**

The facts in this case are largely undisputed. On September 15, 2014, Plaintiff Mark S. Mayer ("Mayer") entered a timeshare agreement with Defendant Holiday Inn Club Vacations Incorporated ("HICV") for a property in Cape Canaveral, Florida. Mayer made monthly payments from November 2014 until July 2017, but then ceased making payments. Mayer mailed HICV letters in January 2019 and November 2019 that disputed the validity of the agreement and

stated that Mayer was rescinding the agreement and permitting HICV to retain all prior payments as liquidated damages.

In August 2019, Mayer obtained a copy of his consumer disclosure report from Experian Information Solutions, Inc.[1] ("Experian"). The report stated that Mayer had an open account with HICV with a past-due balance. Mayer submitted letters to Experian disputing the credit report in January 2020, March 2020, and April 2020. The letters stated that Mayer terminated his agreement with HICV and that he owed no balance. Experian communicated each dispute to HICV, HICV certified that the information for Mayer's account was accurate, and Experian communicated this response back to Mayer.

Mayer sued HICV, claiming that it violated the Fair Credit Reporting Act (FCRA) when it verified the accuracy of his credit report. HICV now moves for summary judgment on the basis that Mayer raised a legal dispute that is not actionable under the FCRA.

**II. Legal Standard**

A party is entitled to summary judgment when the party can show that there is no genuine issue as to any material fact and that movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Which facts are material

[1] Experian was previously a defendant in this lawsuit but has been dismissed. *See* Doc. 58.

depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In determining whether the moving party has satisfied its burden, the court considers all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255. The court is not, however, required to accept all of the non-movant's factual characterizations and legal arguments. *Beal v. Paramount Pictures Corp.,* 20 F.3d 454, 458–59 (11th Cir. 1994).

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the non-moving party bears the burden of proof at trial, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp.,* 477 U.S. at 324. Thereafter, summary judgment is mandated against the non-moving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. Id. The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985)

("conclusory allegations without specific supporting facts have no probative value").

**III. Analysis**

Under the FCRA a Credit Reporting Agency ("CRA") is required, upon receipt of a dispute by a consumer, to investigate the accuracy of the disputed information. 15 U.S.C. § 1681i(a)(1)(A). As part of that investigation, the CRA must notify the furnisher of the disputed information of the consumer's dispute. § 1681i(a)(2)(A). Furnishers are prohibited from "furnish[ing] any information relating to a consumer to any [CRA] if the [furnisher] knows or has reasonable cause to believe that the information is inaccurate." § 1681s-2(a)(1)(A). When a CRA notifies a furnisher of a dispute, the furnisher must investigate that dispute and verify, modify, or remove the disputed information. § 1681(b)(1). In this case, Experian (the CRA) notified HICV (the furnisher) of Mayer's dispute, and HICV verified the accuracy of his account balance.

Whether a furnisher has satisfied its burden under section 1681(b)(1) is a question of reasonableness. *Felts v. Wells Fargo Bank, N.A.*, 893 F.3d 1305, 1312 (11th Cir. 2018). "When a furnisher ends its investigation by reporting that the disputed information has been verified as accurate, 'the question of whether the furnisher behaved reasonably will turn on whether the furnisher acquired

sufficient evidence to support the conclusion that the information was true.'" *Id.* (quoting *Hinkle v. Midland Credit Mgmt., Inc.*, 827 F.3d 1295, 1302 (11th Cir. 2016)).

Mayer's dispute was not over whether he made his payments to HICV, but rather, whether he was contractually required to make those payments. HICV argues it is entitled to summary judgment because that is inherently a legal dispute and is not actionable under the FCRA. The Eleventh Circuit has stated that "[a] plaintiff must show a factual inaccuracy rather than the existence of disputed legal questions to bring suit against a furnisher under § 1681s-2(b)."[2] *Hunt v. JPMorgan Chase Bank, Nat'l Ass'n*, 770 F. App'x 452, 458 (11th Cir. 2019) (quoting *Chiang v. Verizon New Eng. Inc.*, 595 F.3d 26, 38 (1st Cir. 2010)).

Mayer's dispute over whether a liquidation clause in his contract excused him from his payment obligations is a legal contractual dispute, not a factual issue that would support a FCRA claim. *See Batterman v. BR Carroll Glenridge, LLC*, 829 F. App'x 478, 481 (11th Cir. 2020) (plaintiff failed to state a FCRA claim because

---

[2] Mayer argues that the Court should reject *Hunt* and follow holdings from other circuits. However, although the cases that Mayer cites comment on the differences between CRAs and furnishers, none of them actually permit a FCRA claim based on a legal dispute to go forward against a furnisher. Nor do they explain when a furnisher can be held liable based on its interpretation of a legal dispute. Although *Hunt* is not a published opinion, it provides a workable standard and remains strong persuasive authority. Therefore, the Court declines to depart from that ruling absent further guidance from the Eleventh Circuit. For that same reason, the Court also rejects Mayer's argument that the Court should disregard *Hunt* and follow the line of reasoning outlined by the Consumer Financial Protection Bureau in an amicus brief filed *Gross v. CitiMortgage, Inc.*, No. 20-17160, in the Ninth Circuit.

allegations relating to the applicability of a liquidated damages provision involved a legal dispute, not a factual inaccuracy).[3] Mayer argues that the Eleventh Circuit's recent decision in *Losch v. Nationstar Mortgage LLC*, 995 F.3d 937 (11th Cir. 2021) changes the balance here. In *Losch*, the Eleventh Circuit held that a CRA's failure to report a bankruptcy discharge was a factual inaccuracy sufficient to support a FCRA claim. *Losch*, 995 F.3d at 945. The Eleventh Circuit held that, while CRAs are not required to resolve legal disputes, "there is no doubt that Losch's mortgage was discharged." *Id.* at 946.

At the motion to dismiss stage, the Court entertained the possibility that, following *Losch*, Mayer might be able to establish a claim against HICV if enough courts had ruled against HICV's interpretation of the contractual provision at issue. *See* Doc. 32 at 8. At that time, Mayer presented at least two state court cases had sided with parties asserting his interpretation of the contract. *See id.* at 7. No other background or cases were provided so the Court permitted the claim to proceed.

[3] Although *Batterman* involved a CRA and not a furnisher, the Eleventh Circuit later held in *Hunt* that the same principle applies to claims against furnishers. *See Hunt*, 770 F. App'x at 458; *see also Chiang*, 595 F.3d at 38 ("In light of the parallel obligations imposed on CRAs and furnishers . . . that same rationale supports requiring a showing of actual inaccuracy in suits against furnishers."). "Like CRAs, furnishers are 'neither qualified nor obligated to resolve' matters that 'turn[] on questions that can only be resolved by a court of law.'" *Chiang,* 595 F.3d at 38. (quoting *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 68 (1st Cir. 2008)).

Now, the Court has a different picture before it. In its Motion, HICV presents a string of cases where courts have sided with its interpretation of the contract, holding that, in contracts similar to Mayer's, the liquidation provision did not excuse the obligation to keep paying. *See, e.g., Holiday Inn Club Vacations Inc. v. Granger*, 2018-CA-011778-O (Fla. 9th Cir. Ct. March 15, 2021) (summary judgment order awarding HICV a deficiency judgment against defendant based on a similar timeshare agreement).[4] The conflicting outcomes in these cases only serve to emphasize that the underlying issue here is a legal dispute, not a factual one. If reasonable judges can differ on the proper interpretation of a contract like Mayer's, the Court cannot fault HICV for holding to its litigation position when responding to credit reporting disputes. Accordingly, Mayer cannot establish a FCRA claim under the reasoning outlined in *Losch* unless a court rules on the validity of his specific debt. Therefore, Mayer's claim is based on a legal dispute that is not actionable under the FCRA and HICV is entitled to summary judgment. *See Hunt*, 770 F. App'x at 458; *see also Holden v. Holiday Inn Club Vacations Inc.*, No. 6:20-cv-2373, 2022 WL 993572, at *3 (M.D. Fla. Feb. 28, 2022).

[4] HICV cites to three other state court judgments where the court determined that HICV had the right to obtain any deficiency judgment against the defendants. HICV represents that those judgments were based on contracts like the one that Mayer signed. Those judgments do not discuss the contracts in any detail so the Court cannot verify that assertion. However, Mayer does not dispute that point or address any of these cases in his response. And the *Granger* case alone is enough to establish that a legal dispute exists here.

## IV. Conclusion

Accordingly, it is hereby **ORDERED** that Defendant's Motion for Summary Judgment (Doc. 35) is **GRANTED**. The Clerk is directed to enter judgment for Defendant Holiday Inn Club Vacations Inc. and close the case.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 21, 2022.




GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party